**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE:<br><br>GUANTANAMO BAY DETAINEE LITIGATION | **Misc. No. 08-0442 (TFH)** |
| BENJAMIN MOHAMMED AL HABASHI,<br><br>Petitioner,<br><br>v.<br><br>BARACK OBAMA, *et al.*,<br><br>Respondents. | **Civil Action No. 05-0765 (EGS)** |

**ORDER**

On February 26, 2009, the Court received a report from the Privilege Team describing alleged "unprofessional" conduct by Ahmed Ghappour and Clive A. Stafford Smith, counsel for Petitioner Benjamin Mohammed Al Habashi (Binyam Mohamed).  *See* Privilege Team Report (Dkt. No. 115, 05-cv-2349).  The Privilege Team accused Mr. Ghappour and Mr. Smith of making "inappropriate use of the Privilege Team for purposes not authorized by the protective order entered in [05-cv-2349]."  *Id.* at 1.  The report was filed in Civil Action No. 05-2349 (RMC).  In that civil action, which is before Judge Rosemary M. Collyer, the operative protective order is the Court's Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba (Dkt. No. 409, 08-mc-0442) (Sept. 11, 2008) ("Protective Order").  Mr. Ghappour and Mr. Smith filed a response on March 5, 2009, disputing the Privilege Team's allegations.  The parties appeared

to disagree on the meaning of provisions within Court's Protective Order and the purpose of the Privilege Team. On March 18, 2009, the Court ordered Mr. Ghappour and Mr. Smith to "appear for a hearing for the purpose of showing cause why this Court should not hold them in contempt for violating the Protective Order." Order to Show Cause (Dkt. No. 1700, 08-mc-0442).

The Privilege Team has subsequently indicated that their report should have been filed in Civil Action No. 05-0765 (EGS). The Court was informed on the morning of May 6, 2009, that in Civil Action No. 05-0765, Judge Emmet G. Sullivan has not adopted the Court's Protective Order. The operative protective order in that case is the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, as amended by the Order Addressing Designation Procedures for Protected Information, first issued on November 10, 2004, and by the Order Supplementing and Amending Filing Procedures Contained in the November 8, 2004, Amended Protective Order, first issued on December 13, 2004. *See* Order (Dkt. No. 56, 05-cv-0765) (July 31, 2008).

On April 23, 2009, Mr. Ghappour and Mr. Smith filed a Motion to Discharge the Court's Order to Show Cause (Dkt. No. 1741, 08-mc-0442). According to the motion, Mr. Ghappour and Mr. Smith appear to now understand and accept that the Privilege Team (i) is not authorized to process communications by counsel to parties who do not share an attorney-client relationship with their client and (ii) cannot declassify information that has been designated as classified by other entities of the United States government. *See* Mot. to Discharge at 2. The Privilege Team "takes no position" on the motion. *Id.* at 3.

It is unclear if Mr. Ghappour and Mr. Smith have sufficiently addressed the concerns raised by the Privilege Team.  Nevertheless, in light of the fact that the operative protective order in this case is not this Court's Protective Order, the Privilege Team's report should be directed to Judge Sullivan.  The Court therefore

**ORDERS** that the Court's March 18, 2009 Order to Show Cause is **VACATED.** Accordingly, the Motion to Discharge the Court's Order to Show Cause is **DENIED AS MOOT**.  The Court refers this matter to Judge Emmet G. Sullivan.


May 6, 2009                                                        /s/
                                                                    Thomas F. Hogan
                                                                    United States District Judge